**In re Petition for DISCIPLINARY ACTION AGAINST Chester D. SWENSON, an Attorney at Law of the State of Minnesota.**

No. C4–95–1950.

Supreme Court of Minnesota.

Nov. 9, 1995.

---

### ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition alleging that respondent Chester D. Swenson has committed unprofessional conduct, namely, failure to diligently pursue a matter entrusted to him and a failure to inform the client of the status of the matter, failure to properly maintain trust account books and records, and withdrawing funds from his trust account as a fee, although no funds had been deposited from that client, resulting in a misappropriation of funds of other clients deposited in the account; and

WHEREAS, the Director and respondent have entered into a stipulation wherein respondent waives his rights pursuant to Rules 9 and 14, Rules on Lawyers Professional Responsibility, and admits the allegations of the petition, and in which they jointly recommend a public reprimand, payment of $750 in costs pursuant to Rule 24, and 2 years' unsupervised probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall initiate and maintain office procedures which ensure that

there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

d. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. Such books and records shall be made available to the Director upon request; and

WHEREAS, this stipulation acknowledges that the court may impose any sanction it deems appropriate; and

WHEREAS, the court finds that the agreed-to public reprimand is an inadequate sanction,

IT IS HEREBY ORDERED that Chester D. Swenson is suspended for 30 days, effective 15 days from the date of this order, that the reinstatement hearing provided for in Rule 18 be waived, that respondent comply with Rule 26, that he pay $750 in costs pursuant to Rule 24, that the requirement to complete the professional responsibility exam be waived, and that he may be reinstated on expiration of the suspension period provided that at least 15 days prior to such expiration, he files an affidavit with the Clerk of Appellate Courts and the Director's office establishing that he is current with Continuing Legal Education requirements, has fully complied with Rules 24 and 26, and, further, that upon reinstatement he shall be placed on 2 years' unsupervised probation subject to the conditions set out in the parties' stipulation.

BY THE COURT:

/s/ Mary Jeanne Coyne
Mary Jeanne Coyne
Associate Justice